OPINION
{¶ 1} Appellant Thomas Ruff appeals the decision of the Perry County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On September 5, 2000, Meleah Miller's residence located at 108 Lincoln Street, Lot 3, New Lexington, was burglarized. The burglar stole her stereo, thirty-three CD's, a strobe light and her wallet. The day after the burglary, appellant informed his sister, Amy Payne, that he burglarized Meleah Miller's residence. Upon learning this information, Amy Payne contacted the New Lexington Police Department.
 {¶ 3} On September 9, 2000, Officer Glen McClelland went to appellant's residence at 1:15 a.m. in order to talk to him about the burglary. Upon arriving at the residence, Officer McClelland asked appellant to go to the police station with him. Appellant agreed to accompany Officer McClelland and did so by riding in the back of the officer's cruiser. After arriving at the police station, Officer McClelland advised appellant of his Miranda rights at 1:25 a.m. Thereafter, appellant informed Officer McClelland that the stolen property was at his residence.
 {¶ 4} Officer McClelland and appellant returned to appellant's residence to retrieve the stolen items. After retrieving the items, appellant again accompanied Officer McClelland back to the police station. On this return visit, Sergeant Ann Craig, the investigator for the New Lexington Police Department, conducted a further interview of appellant. Appellant admitted to Sergeant Craig, in both an oral and written statement, that he stole the items from Meleah Miller's residence. At the conclusion of the questioning by Sergeant Craig, appellant returned to his residence.
 {¶ 5} The Perry County Grand Jury indicted appellant, on October 5, 2000, for one count of burglary and one count of theft in excess of five hundred dollars. Appellant entered a plea of not guilty at his arraignment. On August 24, 2001, appellant filed a motion to suppress the statements he made to Officer McClelland and Sergeant Craig. In support of his motion, appellant argued he was coerced or indirectly threatened by Officer McClelland and/or Sergeant Craig by stating they would contact his probation officer. On October 15, 2001, the trial court denied appellant's motion.
 {¶ 6} This matter proceeded to trial on October 29, 2001. Following deliberations, the jury found appellant guilty of a lesser included offense of burglary and theft in excess of five hundred dollars. On December 5, 2001, the trial court sentenced appellant to three years incarceration for the burglary offense and six months incarceration for the theft offense. The trial court ordered the sentences served concurrently.
 {¶ 7} Appellant filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE CONFESSION OF DEFENDANT/APPELLANT AS IT WAS NOT VOLUNTARY AND IN VIOLATION OF HIS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 14 OF THE OHIO CONSTITUTION."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to suppress because his confession was involuntary. We disagree.
 {¶ 10} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams
(1993), 86 Ohio App.3d 37, overruled on other grounds.
 {¶ 11} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 12} In the case sub judice, appellant contends the trial court incorrectly concluded that his confession was not coerced. Therefore, we must decide, without deference to the trial court's decision, whether the facts meet the appropriate legal standard in determining the voluntariness of appellant's confession. In determining whether a confession is voluntary, we must review the totality of circumstances surrounding the confession. State v. Edwards (1976), 49 Ohio St.2d 31, overruled on other grounds (1978), 438 U.S. 911. The factors to consider are: "* * * the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Id. at paragraph two of the syllabus.
 {¶ 13} Appellant contends his confession was not voluntary because he believed he was under arrest, Officer McClelland and/or Sergeant Craig threatened to report him to his probation officer and the police department interviewed him from midnight until 6:00 a.m. We will review appellant's argument pursuant to the factors set forth in the Edwards case.
 {¶ 14} The record contains no evidence, nor does appellant argue that his age or mentality prevented him from making a voluntary confession. Since appellant was on probation for a prior criminal offense, he had prior criminal experience and was familiar with the criminal process.
 {¶ 15} As to the length of the interrogation, the record establishes Officer McClelland only interrogated appellant for a short period of time prior to appellant confessing to the burglary and theft. Officer McClelland arrived at appellant's residence at approximately 1:15 a.m. Tr. Oct. 4, 2001, at 7; Tr. Sept. 10, 2001, at 56. Appellant signed a written waiver of his Miranda rights at 1:25 a.m. State's Exhibit. 1. Officer McClelland testified that following the signing of the waiver at 1:25 a.m., appellant confessed to the burglary and theft. Thereafter, Officer McClelland returned appellant to his residence to retrieve the stolen items and both he and appellant returned to the police station by 2:00 a.m. as they were back at the station prior to Sergeant Craig's arrival at 2:00 a.m. Tr. Sept. 10, 2001, at 8, 28.
 {¶ 16} There is no evidence in the record as to the intensity of the interrogation. As to the element of frequency, it appears from the record that Officer McClelland and Sergeant Craig each interrogated appellant one time. There is also no evidence of physical deprivation or mistreatment. However, appellant claims the existence of a threat or inducement resulted in his confession. In his brief, appellant states, in the statement of facts, that he was coerced or indirectly threatened by Sergeant Craig to make the statement because she was going to contact his probation officer.[1] Appellant's Brief at 4. However, in the argument section of his brief, appellant states Officer McClelland threatened to contact his probation officer. Id. at 6.
 {¶ 17} No matter whom allegedly made this statement to appellant, we conclude it did not require suppression of appellant's confession. InState v. Arrington (1984), 14 Ohio App.3d 111, the Second District Court of Appeals held that:
 {¶ 18} "Where an accused's decision to speak was motivated by police officers' statements constituting `direct or indirect promises' of leniency or benefit and other representations regarding the possibility of probation which were misstatements of the law, his incriminating statements, not being freely self-determined, were improperly induced, involuntary and inadmissible as a matter of law." Id. at syllabus.
 {¶ 19} In reaching this conclusion, the Arrington court relied upon a California case, People v. Flores (1983), 144 Cal.App.3d 459,192 Cal.Rptr. 772, in which the court explained:
 {¶ 20} "The line to be drawn between permissible police conduct and conduct deemed to induce or tend to induce an involuntary statement does not depend upon the bare language of inducement but rather upon the nature of the benefit to be derived by a defendant if he speaks the truth, as represented by the police. * * *
 {¶ 21} "When the benefit pointed out by the police to a suspect is merely that which flows naturally from a truthful and honest course of conduct, we can perceive nothing improper in such police activity. On the other hand, if in addition to the foregoing benefit, or in the place thereof, the defendant is given to understand that he might reasonably expect benefits in the nature of more lenient treatment at the hands of the police, prosecution or court in consideration of making a statement, even a truthful one, such motivation is deemed to render the statement involuntary and inadmissible. The offer or promise of such benefit need not be expressed, but may be implied from equivocal language not otherwise made clear." Id. at 144 Cal.App.3d at 469, 192 Cal.Rptr. at 776-777, quoting People v. Hill (1967), 66 Cal.2d 536, 549, 58 Cal.Rptr. 340, 348, 426 P.2d 908, 916.
 {¶ 22} In the case sub judice, we do not find the statement that appellant's probation officer would be contacted coerced appellant into confessing. This statement made no promise of leniency. Generally, it is the promise of benefits by way of leniency from the police, prosecution or court that improperly induces a confession. Instead, a statement that a probation officer will be contacted generally would not induce a suspect to confess as the suspect knows that a confession will most certainly result in the contacting of his or her probation officer. Thus, we conclude the alleged statement did not induce appellant to confess to burglary and theft.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: Motion to Suppress Confession.
[1] In his motion to suppress, appellant argued that Sergeant Craig attempted to make a deal with him, after he confessed to her about his involvement in the burglary and theft, whereby she would drop the charges in return for his agreement to do drug work for her. This alleged statement by Sergeant Craig occurred after appellant confessed to Officer McClelland and therefore, did not induce appellant to confess. Appellant did not raise this issue on appeal and thus, we will not address it.